## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

CLERK U.S. DIST. COURT
WEST DIST. OF MO
KANSAS CITY, MO
2023 OCT -5 PM 1:53
RECEIVED

JAMES E. SWINK JR., )
)
Plaintiff - pro-se, )
)
)
v. )
)
LOUIS DEJOY, )
U.S. Postmaster General, )
)
Defendant. )
)

Complaint for Employment Discrimination

Civil Action No.: 4:23-CV-710

**REQUEST TRIAL BY JURY**
[ ] YES    [X] NO

## COMPLAINT

COMES NOW James E. Swink Jr., pursuant to Title VII of the CRA of 1964,

42 USC. § 2000e-5(e)(1), (f)(1),(3); ADA of 1990, as amended, 42 USC § 12111 et

seq., 12203, pursuant to section 107(a) of such Act 42 USC 12117(a) and the ADEA

of 1967, as amended, 29 USC § 623(1), brings this action to enjoin and restrain the

defendant, United States Postal Service, from ongoing violations of 42 USC §

2000e-16(a)(b), 5 USC § 2302(a)(2)(A)(ix), 5 USC § 2302(b)(1)(A)(B), 5 USC §

2302(b)(8)(A)(i)(ii), which adopts the powers, remedies, and procedures set forth in

the CRA of 1964, 42 USC § 2000e-5 section 706 (g)(1), for the malicious and willful

acts of discrimination and retaliation, *seeking recovery of pay and related unlawful*

*discrimination in compensation that occurred outside the time for filing a charge up*

*to two years,  42 USC § 2000e-5 section 706(3)(B), compensation for emotional and*

*physical pain and suffering and sanctions against Defendant for acts of malicious violations, bad faith omission of relevant evidence, fraudulent statements under oath, Failure to Return Signed Litigation Hold Notices.*

2.      The NALC - USPS Step B Joint Team conducted an investigation for only the 7-19-2022 through 7-30-2022 claims and determined violations occurred, however, the Equal Employment Opportunity Commission, conducted a more extensive indisputable fact-finding investigation of Defendant's compliance with the United States Codes, and NALC National Agreements for the time from May 31, 2022, through August 17, 2022, reviewing the Defendant's employment and pay practices in the Investigation.  Unless stated otherwise, ***all claims of no genuine dispute as to material fact or conditions described herein are documented in EEOC Report of Investigation (ROI) which required all Postal employees to cooperate in the investigation (ELM 665.3).  Requiring Postal employees who have knowledge of the issue(s) raised in this complaint to provide testimony in affidavit under oath, affirmation, or penalty of perjury, 18 U.S.C. § 1001.***

## JURISDICTION AND VENUE

3.      This Court has jurisdiction of this case pursuant to "Local Rule 3.2(a)(1)(A)" and 42 USC § 2000e-5(f)(1)(2)(3) for the Jackson County of Missouri.

4. This Court has proper venue because all claims of the events or omissions giving rise to this matter occurred in this judicial district, pursuant to "Local Rule 3.2 (b)(1)" and 28 USC 1391(b)(1).

## Plaintiff

5. Plaintiff James E. Swink Jr., dob X-XX-1952, has been a United States Postal Service employee since 1979 with 2–5 point veteran's preference and has been a regular, full-time Letter Carrier at the Westport Station since 2007.

## Defendant

6. Defendant Louis DeJoy is Postmaster General of the United States Postal Service, headquarters at 475 L'Enfant Plaza S.W., Room 10300, Washington D.C., 20260, with a postal installation at 200 Westport Road, Kansas City, Missouri 64111, where it conducts business, within this Court's jurisdiction and proper venue.

## Cause of Action

7. Title VII of the CRA of 1964, as codified, 42 USC §§ 2000e to 2000e -17; 42 USC § 12203(a)(b)(c); the ADEA of 1967, as codified, 29 USC §§ 621 to 634; ADA of 1990, as codified, 42 USC §§ 12112 to 12117; 29 USC §§ 2601 to 2654; FRCP 37(a)(4); 18 USC § 1001.

## Administrative Procedures

8. Plaintiff timely filed EEO formal charge of discrimination against Defendant Louis DeJoy, Postmaster General on September 2, 2022. On January 12, 2023,

Plaintiff timely filed a Request for Final Agency Decision Without a Hearing and on March 10, 2023, the Agency issued a final decision finding no discrimination, received by Plaintiff on March 16, 2023. Plaintiff timely filed EEOC Appeal Form and Appeal Brief using the EEOC Public Portal which was posted by the EEOC public portal on March 25, 2023. *A Copy of the charge for this Complaint is attached, a Right-to-Sue Notice was requested after 177 days on 9/18/23, however, is not required when a claim of Age Discrimination is listed as a cause of action.*

9.    Since March 25, 2023, 60 days or more has passed since filing the EEOC Appeal charging age discrimination against Louis DeJoy, Postmaster General, United States Postal Service with the Equal Employment Opportunity Commission.

### Statement of Claims

10.    The discriminatory conduct of which I complain in this action includes age and race discrimination, failure to accommodate, hostile work environment, disparate treatment, retaliation, deliberate bad faith in omission of relevant evidence, failure to Return Signed Litigation Hold Notices and prohibited personnel practices with willful intent, deliberate malice and deceitful fabrications causing mental, physical and financial harm to Plaintiff, including loss of wages.

11.    It is my best recollection that the alleged discriminatory acts occurred on the following date(s): May 31, 2022; June 28, 2022; July 19, 2022; August 5 & 6, 2022, August 25, 2023, September 12, 2023.

12. Defendant is still committing these acts against me to this day in *the form of loss of wages withheld during May 31, 2022 through June 4, 2022, charge of Leave without pay (LWOP) and loss of wages withheld during August 5 through August 17, 2022, charge of Absent without official Leave (AWOL) and loss of wages by denying requested FLMA certified sick leave on August 25, 2023 and September 12, 2023, changing the requested sick leave to Leave without pay (LWOP).*

## Statement of Facts

13. All claims in statement of facts described herein pertain to supervisory personnel Velinzo Royall, MCS and/or Kenia Cooper, (A) SCS, which takes place at the Westport Post Office located at 200 Westport Road, Kansas City Mo. 64111.

14. **Age discrimination**: I was charged with Leave Without Pay (LWOP) for 40 hours, from May 31, 2022 thru June 4, 2022, when 3 younger carriers, (Patrick (Mitch) O'Dwyer, age 37, seniority date 2013; Ryan Scott, age 30, seniority date 2013 and Shonda Garrison, approx. age 51, seniority date 2013), who had less seniority than I did were granted the vacation slot I submitted, in a timely manner, on my "2022 Carrier Vacation Period Selection" form on December 11, 2021 according to Westport procedures for vacation periods from May 23, 2022 - June 4, 2022 and I wasn't informed of the LWOP until I was actually on vacation.

15. **Race discrimination**: Shonda Garrison, white female and Terry Graham, white male, were allowed to work with 8-hour restrictions at the times I was forced

off the clock, on July 19, 2022 thru July 30, 2022, without being put off the clock for being on 8-hour restriction.

16.     **Failure to accommodate**: from July 19, 2022 through July 30, 2022, I was denied reasonable accommodations by being forced off the clock for being on an 8-hour restriction and from August 1, 2022 through August 5, 2022, my bid start time of 7:30 am was changed, without Union agreement, to 9:30 am in an effort to force a full 8 hour day of walking, instead of my regular bid assignment which consisted of office time casing, sorting and pulling down the route, loading the mail in my truck and delivering the route up to the eight hour restriction.  I was instructed to report for work and my route was already cased, sorted and pulled down for delivery, by-passing my doctor's restriction to limit walking on my injured right knee.

17.     **Hostile work environment**: On June 28, 2022, I was subjected to a full surprise inspection without the required 24 hour notice for conducting inspections just days after filing a pro-se grievance on June 24, 2022 for being denied vacation pay and charged with LWOP, also on July 19, 2022, I reported for duty and was instructed to go home until further notice and on August 5, 2022, I was harassed by Velinzo Royall and Kenia Cooper on the street to the point of serious emotional distress as witnessed, telephonically, by NALC Steward Vince Muzquiz, to the point of needing to leave for the day, only to return for duty on August 6, 2022 to find out that Velinzo Royall had confiscated my time card denying my ability to "clock in"

which resulted in being charged with "AWOL" from August 6, 2022 through August 17, 2022. Fortunately, I used the official date stamped PS Form 1260, which is used to record time when a time card isn't available, to record my presence reporting for duty on August 6, 2022, disputing management's pretext to charge me with AWOL, **_which Velinzo Royall stated under oath in Affidavit testimony that "management did not know why I did not report for duty."_**

18. **Disparate treatment**: I filed suit with direct foundational claims of evidence showing disparate treatment claiming that the Defendant treated me disparagingly deferent because of my age paragraph 14, race paragraph 15, failure to accommodate paragraph 16, hostile work environment paragraph 17, and retaliation paragraph 19.

19. **Retaliation**: After filing a grievance on June 24, 2022, I was subjected to a series of retaliatory animus which started on **[a]** June 28, 2022, with a surprise, office/street inspection, another retaliatory action happened on **[b]** July 19, 2022, when I was forced into leave without pay (LWOP), another retaliatory action happened on **[c]** August 5, 2022, when Velinzo Royall refused my request over the phone for 1 hour 45 minutes of auxiliary assistance by instead yelling at me over the phone stating "why are you bringing mail back" and coming out on my route along with Kenia Cooper, verbally harassing me to move faster in 100+ degree weather, following close behind me critiquing my every move trying to provoke a physical encounter to the point that the verbal assault was so severe that it unreasonably

interfered with and changed my conditions of employment with deliberate and egregious animus resulting in damage to my state of mind, another retaliatory action happened on **[d]** August 6, 2022, when Velinzo Royall maliciously manufactured a reason to charge me with absent without official leave (AWOL), by confiscating my time card, making it impossible for me to clock in for duty, however, ***Velinzo Royall stated in Affidavit under oath that "management did not know why I did not report for duty."*** Each retaliatory action contributed directly to damaging my mental, physical and financial wellbeing by conspiring in manufactured reasons affecting my terms of employment, including **[e]** a PS Form of Resignation being sent to my home on August 9, 2022 with the tracking number 9114 9014 9645 1839 2075 17, while I was off duty charged with AWOL suspension, of which I did not request.

20. **Omission and Failure to Return Signed Litigation Hold Notices**: during the EEOC's Report of Investigation (ROI), supervisory personnel for the Defendant, Velinzo Royall and Kenia Cooper omitted PS Form 3997 for the date July 19, 2022, which provided foundational evidence that comparator Terry Graham worked route 923 while on an 8-hour restriction and received 1 hour and 45 minutes of auxiliary assistance under Royall and Cooper's management, although, I was forced off the clock from July 19th 2022 thru July 30th 2022 for having an 8-hour restriction. ***Fortunately, NALC Steward Vince Muzquiz was able to acquire the omitted official PS Form 3997 after the EEOC investigation was concluded, proving that***

*the Defendant's articulated reason for forcing me off the clock was pretextual, additionally, Royall and Cooper failed to sign and return Litigation Hold Notices as documented in the EEOC Report of Investigation (ROI pages 504, 505).*

21.   **Loss of Wages and Pain and Suffering**: Because of the reframing of facts in NALC-USPS Step B Decision, USPS No.:4J19N4JC22418027, Branch Grievance No.: KC3022-1138, Grievant: James Swink Incident Date: 07/19/22, the Step B Decision Date:11/08/22, determined that *"Defendant violated Articles 8, 10, 13, and 41 when they charged the Grievant LWOP and denied him his right to work his bid assignment due to his temporary restrictions limiting him to 8-hours per day, stipulating that Defendant will immediately return the Grievant to the scheduled hours of his bid assignment and any time charged to LWOP between 07/19/2022 and 07/30/22 will be converted to Administrative Leave"*, however, *the NALC-USPS Step B Decision did not address the dates charged to LWOP between 5/31/2022 and 6/4/2022, nor were dates charged to AWOL between 8/5/2022 and 8/17/2022 addressed and remains unpaid loss of wages due to the discriminatory and retaliatory actions of Defendant, additionally, neither were the deliberate and willful discriminatory retaliations addressed that were related to physical and emotional loss due to the series of intentional levels of extreme distress associated with knowing that agents of the United States Government were found guilty of violating the National Agreements, which affected the terms and conditions of my*

*employment beginning on May 31, 2022 and culminated on August 17, 2022, which*

*also took an unknown toll, that hadn't revealed itself at the time of filing with the*

*EEOC, on my physical health when I suffered a stress related "as soon as possible"*

*RADICAL surgical procedure, on May 26, 2023 at Liberty Hospital, because of the*

*extreme anxiety, emotional distress and physical pain I suffered associated with*

*Defendant's actions, which acerbated the FMLA case number 110001515411.*

22.     The following denials of my request for annual/sick leave accommodations under FMLA certification are "Threshold Issues" that occurred after the EEOC Appeal was filed on March 25, 2023, which constitutes recurring violations that repeats each time the accommodation is needed: (a) on August 24, 2023, after experiencing a medical surgical procedure at the North Kansas City Hospital that required anesthetics, I was instructed by my surgeon to abstain 24 hours from conducting outside activity to allow the effects of the anesthetics to subside, which prompted emergency call in on August 25, 2023 requesting "sick leave", however, the request for sick leave was denied and leave without pay (LWOP) was charged. (b) on September 12, 2023, after returning to work from scheduled off days, I was informed that 10 feet of DPS mail had been held back from being delivered on Monday September 11, 2023, which deliberately violated the terms of my FMLA certification for implied "limited overtime" for having a major surgical operation on May 26, 2023.  I became emotionally distraught and light-headed, left work for the

day and after having my blood pressure checked, I had an elevated blood pressure reading. Needless to say, Velinzo Royall, agent for the Defendant, denied my request for FMLA certified sick leave and leave without pay (LWOP) was charged. *Both August 25, 2023 (8 hrs.) and September 12, 2023 (5.66 hrs.) are 13.66 hours of denied pay which constitutes harassment, hostile working conditions and abuse of authority that effects my terms of employment, financial stability and working conditions by violating Postal ELM 515.42 and FMLA 29 U.S.C. §§ 2611 to 2620.*

### Prayer for Relief

23. As a result of Defendant's repeated and willful violations of indisputable factual findings from a legally authorized EEOC Report of Investigation (ROI), Plaintiff respectfully requests this Court enter an Order granting the following relief:

24. Permanently enjoin and restrain Defendant's officers, agents, servants, employees, and those in active concert or participation with them, based on the merits of discrete issues in paragraphs 13 thru 23 of this complaint and in accordance with Fed. R. of Evid. Rule 201(b)(2); Rule 603; Rule 803 (8)(iii), (b) and the FRCP 52(a)(1), from the *Threshold Issues* violating law in paragraph 7, against Plaintiff and other Postal employees by Defendant's agents and specifically Velinzo Royall.

25. When there is direct evidence of discrimination that supports truth of assertions, ***prima facie*** is established by presenting evidence of agency actions from which an inference of discrimination could be drawn, proving by a preponderance

of that evidence and by *"Threshold Issues"* encompassing age discrimination, race discrimination, failure to accommodate, disparate treatment, retaliation, omission of evidence, failure to return signed litigation hold notices, loss of wages, pain and suffering and <u>NALC-USPS Step B Decision</u>, that the Agency's explanations are pretextual, thereby overcoming the circumstantial evidence analysis of *McDonnell Douglas Corp. v. Green* and *O'Conner v. Consolidated Coin Caterers Corp.*, *See Wahnee v. Department of the Interior*, EEOC Appeal No. 0120055072*; Humphrey v. USPS*, EEOC Appeal No. 01965238. *The EEOC Compliance Manuel*, Section 2, "Threshold Issues", P.2-73, EEOC Notice 915.003 (July 21, 2005), provides that "because an employer has an ongoing obligation to provide a reasonable accommodation, failure to provide such accommodation constitutes a violation each time the employee needs it." Furthermore, the Commission has held that where there is a claim of a reasonable accommodation denial, such denial constitutes recurring violations that ***repeats*** each time the accommodation is needed. *Harmon v. Office of Personnel Management*, EEOC Request No. 05980365 (November 4, 1999).

26. **Compensatory damages and/or Non-Pecuniary damages** because Defendant's management personnel MCS Velinzo Royall and SCS (A) Kenia Cooper engaged ***repeatedly*** in Prohibited Personnel Practices and retaliations with willful intent, deliberate malice and deceitful fabrications causing mental, financial and physical harm to Plaintiff, pursuant to remedies in <u>42 USC 2000e-5 section</u>

706(g)(1), for the intentional discriminatory violations and retaliations, damages of $500 per day in compensatory pre-judgement interest damages starting May 31, 2022 for periods of unjustified withholding of wages and mental and physical pain and suffering until paid in full or the sum of $300,000 cap and any other adjudications this Court deems appropriate. *See McDonough v. City of Quincy, 452 F.3d 8, 22 (1st Cir. 2006); Small v. USPS,* EEOC Appeal No. 0720100031 (April 5, 2012); *Auston v. Dep't of Veterans Affairs*, EEOC Appeal No. 0120112574 (July 19, 2012); *Welker v. Dep't of Agric.*, EEOC Appeal Nos. 0120120330 & 0120093426 (July 27, 2012).

27.    **Impose sanctions** of an additional $255,000 as a fine against the Defendant's ***"willful bad faith" Omissions and Failure to Return Signed Litigation Hold Notices*** during the EEOC's Report of Investigation (ROI), plus any attorney fees and court costs associated with the filing of this action.  *See Knickerbocker v. Corinthian Colleges*, No. C12-1142JLR, 2014 WL 1356205 (W.D. Wash. Apr. 7, 2014); *Smith v. Soc. Sec. Admin.*, EEOC Appeal No. 0120092646 (April 11, 2012).

28.    **Back Pay** restore approximately $5,000 in total wages withheld by LWOP dated from May 31, 2022 thru June 4, 2022 and the wages withheld by AWOL dated August 5, 2022 thru August 17, 2022, and the wages withheld by LWOP dated August 25, 2023 and September 12, 2023 in addition to restoring all benefits and leave where Complainant would have been if the discriminatory violations and

retaliations had not occurred. *See* _Watkins v. USPS_, EEOC Appeal No. 0120092749 (June 29, 2012).

29. **Expunge adverse materials** relating to the prohibited personnel practices from agency records by removing all discussions, letters of warnings, notations and permanently refrain Velinzo Royall from having authority over Postal employees.

### Certification and Closing

30. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: October 5, 2023.

Signature of Plaintiff ___James E. Swink Jr.___