## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JAMES E. SWINK, JR.,          )
                                 )
        Plaintiff,           )
                                 )
v.                                )        Case No. 4:23-CV-00710-DGK
                                 )
LOUIS DEJOY, in his official capacity as  )
U.S. POSTMASTER GENERAL,     )
                                 )
        Defendant.        )

## ORDER DENYING PRO SE MOTIONS

As best the Court can tell, pro se Plaintiff James Swink, Jr. is an employee of the United States Postal Service. On October 5, 2023, Plaintiff brought this action against Defendant Louis DeJoy in his official capacity as United States Postmaster General after Plaintiff's employer classified his employment as Leave Without Pay ("LWOP") and Absent Without Official Leave ("AWOL") a handful of times from 2022 to 2023. The Complaint alleges "age and race discrimination, failure to accommodate, hostile work environment, disparate treatment, retaliation, deliberate bad faith in omission of relevant evidence, failure to Return Signed Litigation Hold Notices and prohibited personnel practices with willful intent, deliberate malice and deceitful fabrications causing mental, physical and financial harm to Plaintiff, including loss of wages." Compl. at 4, ECF No. 1. On December 28, 2023, Defendant answered the Complaint with several affirmative defenses and a general denial. *See* Answer, ECF No. 7.

Now before the Court are Plaintiff pro se motion to strike the affirmative defenses and general denial raised in Defendant's answer, ECF No. 8, and motion for default judgment, ECF No. 9. Because both motions are plainly without merit, the motions are DENIED.

## I.    Plaintiff's motion to strike is denied.

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see* Fed. R. Civ. P. 7(a)(2) (categorizing an answer as a pleading). "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted). District courts have broad discretion in resolving a motion to strike, albeit the motions are generally disfavored and infrequently granted. *Stanbury Law Firm, P.A. v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). "Before the court will grant a motion to strike, a party must normally make a showing of prejudice." *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co., Inc.*, No. 3:09-CV-05078-DGK, 2009 WL 10672202, at *1 (W.D. Mo. Nov. 17, 2009).

Here, Plaintiff argues the Court should strike the affirmative defenses and general denial raised in Defendant's answer because they are "redundant," "insufficient," and run afoul of *Twombly*'s pleading standard. Plaintiff has not demonstrated how the affirmative defenses are legally inadequate or immaterial or will cause prejudice or confusion if they remain in the answer. *See Speraneo v. Zeus Tech., Inc.*, No. 4:12-CV-578-JAR, 2012 WL 2117872, at *1–2 (E.D. Mo. June 11, 2012) ("A motion to strike should not succeed unless the party shows that it is prejudiced by the inclusion of a defense or that a defense's inclusion confuses the issues."); *Bigfoot on the Strip, LLC v. Winchester*, No. 18-3155-CV-S-BP, 2018 WL 4904948, at *2 (W.D. Mo. Oct. 9, 2018) (denying motion to strike affirmative defenses in part because their presence did not cause plaintiff hardship). As it pertains to the general denial, Rule 12(f) is a mechanism for striking defenses, not denials. Thus, the motion to strike, ECF No. 8, is DENIED.

## II.    Plaintiff's motion for default judgment is denied.

Plaintiff's motion for default judgment is also denied.  Defendant timely filed an answer to Plaintiff's Complaint on December 11, 2023, and has since participated in mediation.  So, it appears Plaintiff seeks a default judgment on the basis Defendant never responded to Plaintiff's motion to strike.  Even if Federal Rule of Civil Procedure 55 applied in this context, there has been no entry of default, so default judgment would be inappropriate at this time.  *See* L.R. 55.1 (explaining default under Rule 55 is a two-step process).  Thus, the motion for default judgment, ECF No. 9, is DENIED.

Finally, the Court notes the parties have not filed a proposed scheduling order as required by the Court's Rule 16 Notice.  *See* Rule 16 Notice (requiring the parties submit a proposed scheduling order by January 30, 2024).  The parties shall submit a proposed scheduling order on or before March 8, 2024.

**IT IS SO ORDERED.**

DATE:  February 21, 2024          /s/ Greg Kays
                                  GREG KAYS, JUDGE
                                  UNITED STATES DISTRICT COURT