IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES E. SWINK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:23-00710-CV-W-DGK |
| | ) |
| LOUIS DEJOY, POSTMASTER GENERAL, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING SUMMARY JUDGMENT

This pro se case arises from an employment dispute. Plaintiff James Swink alleges Defendant Louis DeJoy, in his official capacity as Postmaster General of the United States Postal Service ("USPS"), subjected him to various forms of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act").

Now before the Court is Defendant's Motion for Summary Judgment. ECF No. 33. Because there is no genuine dispute of material fact as to the claims Defendant has moved on, the Court GRANTS the motion. As discussed in detail below, there are six claims Defendant did not move for summary judgment on; Defendant may do so on or before June 13, 2025.

**Standard**

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

1

court makes this determination by viewing the facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).

"In reaching its decision, a court should not weigh the evidence, make credibility determinations, or attempt to determine the truth of the matter." *Leonetti's Frozen Foods, Inc. v. Rew Mktg., Inc.*, 887 F.3d 438, 442 (8th Cir. 2018). To survive summary judgment, the nonmoving party must substantiate its allegations with "sufficient probative evidence that would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal quotations and citations omitted).

## Undisputed Material Facts[1]

Plaintiff is proceeding pro se. Although the Court must liberally construe his pleadings, Plaintiff must still follow the Local Rules and Federal Rules of Civil Procedure. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2022). He has failed to do so here. First, Plaintiff attempts to controvert Defendant's statement of facts with speculation, conclusions of law, and unintelligible facts. Second, Plaintiff supports his own statement of facts with "evidence cited and set forth in the EEOC Report of Investigation," a report that is neither attached to Plaintiff's Opposition nor present elsewhere in the record. Thus, for purposes of this motion, all of Defendant's facts are deemed admitted. *See* L.R. 56.1(b)(1). The Court finds the following facts undisputed for purposes of summary judgment.

---

[1] To resolve the motion, the Court must first determine the undisputed material facts. The Court has limited the facts to those that are undisputed and material to the pending summary judgment motion. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). The Court has excluded legal conclusions, arguments presented as fact, and proposed facts not properly supported by the record or admissible evidence. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a). However, the Court has included inferences from undisputed material facts and facts the opposing party has not controverted properly. *See* Fed. R. Civ. P. 56(c); L.R. 56.1(a).

Plaintiff was born in 1952. He identifies as an African American and Native American male. He identifies his underlying disabling medical condition as acute pain of the right knee, tissue swelling of right knee, trace of right knee joint effusion, and hypertension.

Plaintiff has been employed by Defendant since 1979, and at all relevant times, worked as a City Carrier in the Westport Station of the Kansas City, Missouri Post Office. During the relevant periods, Plaintiff's two immediate supervisors were Velinzo Royall ("Manager Royall"), an African American male, and Kenia Cooper ("Supervisor Cooper"), an African American female.

On July 20, 2022, Plaintiff initiated informal counseling with the USPS's Equal Employment Opportunity ("EEO") office. After the counseling proved unsuccessful, Plaintiff filed a written administrative complaint alleging he had been subjected to a discrimination, retaliation, and a hostile work environment. Plainitff alleged he was: (1) denied vacation and sick leave and charged with Leave-Without-Pay ("LWOP") from May 31–June 4, 2022; (2) sent home for the day and was charged with LWOP from July 19–30, 2022; and (3) charged as Absent-Without-Leave ("AWOL") from August 5–17, 2022. The factual circumstances of these claims are discussed below.

**May 31–June 4, 2022**

In November and December of 2021, the Westport Station published a sheet for mail carriers to sign up for their preferred vacation periods for the 2022 calendar year. The preference sheet showed a week-by-week breakdown for the upcoming calendar year with each week numbered one through fifty-two so carriers could designate vacation preferences by a week's corresponding number. On Plaintiff's preference sheet, his third preference covered two weeks ("May 23–June 4"), but he only listed one week number on the form rather than two (i.e., he listed

3

"21" rather than 21 and 22). As a result, Plaintiff was approved for vacation for Week 21 (May 23–28), but not for Week 22 (May 30–June 4).

On May 31, 2022, Supervisor Cooper contacted Plaintiff after he did not report to work on Monday, May 30, 2022, and informed him that he had not been approved for vacation time for Week 22. Plaintiff then reached out to Manager Royall to request leave but was told too many other carriers were taking vacation that week and Plaintiff's leave could not be granted. Plaintiff did not report to work during the period of May 31–June 4 and was charged with LWOP as a result.

**July 19–30, 2022**

On July 1, 5, 7, and 15, 2022, Plaintiff requested auxiliary assistance from the USPS because he could not complete his delivery route in an eight-hour period. Plainitff stated he was able to fully perform his job duties but could not work more than eight-hours to avoid aggravating his hyperextended knee. Manager Royall informed Plaintiff that he needed to submit a light duty request which would need to be reviewed and approved by the USPS. In the meantime, Manager Royall sent Plaintiff home on July 19, 2022. That same day, Plaintiff submitted a formal light duty request form to the USPS from his chiropractor stating he would be limited to working only an eight-hour day between July 15, 2022, and August 15, 2022, to avoid aggravating his hyperextended knee. The next day, July 20, 2022, Manager Royall informed Plaintiff that his request for a 30-day light duty restriction had been approved, noting:

> Your reporting time will be 09.50 (9:30 am). Your mail will be cased and pulled down prior to your arrival. When you arrive, you will take your mail directly to the street, load the vehicle, and start your deliveries.

Despite the approval, Plaintiff did not report to work from July 19–30, 2022, and requested that his absence be shown as "Administrative Leave." Manager Royall initially charged Plaintiff with

4

LWOP, but later approved Plaintiff's request for administrative leave after Plainitff filed a grievance with his union.

**August 5–17, 2022**

On August 5, 2022, Plaintiff was still working under his temporary light duty restriction requiring him to report to work at 9:30 a.m. Plaintiff arrived at work at 9:58 a.m. and Supervisor Cooper told him if he needed auxiliary assistance with his route, the request had to be in by 2:00 p.m. Plaintiff sent in his request for auxiliary assistance at approximately 2:00 p.m., but after not getting any response, called the post office at 3:00 p.m. to again to request assistance. At approximately 3:19 p.m., Manager Royall and Supervisor Cooper drove out to meet Plaintiff on his route to investigate. Plaintiff became upset that they were checking up on him and returned to Westport Station with his remaining undelivered mail and clocked out at 4:16 p.m. Plaintiff did not return to work until August 18, 2022, when his light duty restriction expired. Defendant charged Plaintiff as AWOL for 1.47 hours on August 5, 2022, and as AWOL for August 6–17, 2022.

**Discussion**

Plaintiff's pro se complaint is not organized around formal counts, but it alleges the following claims: (1) age discrimination under the ADEA; (2) hostile work environment, retaliation, and race discrimination under Title VII; and (3) failure to accommodate under the Rehabilitation Act.

Defendant has moved for summary judgment on some, but not all, of Plaintiff's claims. Plaintiff, for his part, filed opposing suggestions but did not advance any arguments in opposition. By not responding to Defendant's motion, Plaintiff has any waived any argument he may have had. *See Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009)

5

(noting that "failure to oppose a basis for summary judgment constitutes waiver of that argument."). But even if waiver did not apply to Plaintiff's claims, for the reasons discussed below, Defendant would still be entitled to summary judgment.

### I. Claims Defendant did not move for summary judgment on.

The Court first addresses the six claims Defendant did not move for summary judgment on. Plaintiff's pro se complaint asserts two failure to accommodate claims that allegedly occurred during July 19–30, 2022 and August 1–5, 2022. *See* Compl. ¶ 16, ECF No.1. It also asserts five claims of unlawful retaliation, *see* Compl. ¶ 19 (describing the five instances of retaliation in a lettered seriation), but Defendant's motion only addresses the retaliation claim for the July 19–30, 2022, period.

Because these six unaddressed claims appear ripe to be ruled on,[2] Defendant may move for summary judgment on these claims on or before June 13, 2025, 2025. If Defendant does not file anything by this deadline, the Court will proceed with resetting the pretrial and trial deadlines.

### II. Defendant is entitled to summary judgment on Plaintiff's age discrimination claim.

Plaintiff alleges Defendant subjected him to age discrimination by charging him with LWOP from May 30–June 4, 2022, when he mistakenly believed he had been approved for vacation. Defendant argues Plaintiff did not timely exhaust his administrative remedies before pursuing these claims in federal court.

A federal employee who believes he has been discriminated against "must initiate contact with a [EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory." 29

---

[2] While Defendant's brief notes it is only addressing "Swink's limited claims that are properly before the Court," this cursory argument is not sufficiently developed to allow the Court to rule on the six unaddressed claims. *See* Suggestions in Supp. at 10, ECF No. 33. For clarity, the six unaddressed claims are the following: (1) failure to accommodate from July 19–30, 2022; (2) failure to accommodate from August 1–5, 2022; (3) retaliation on June 28, 2022; (4) retaliation on August 5, 2022; (5) retaliation on August 6, 2022; and (6) retaliation on August 9, 2022.

6

C.F.R § 1614.105(a)(1). A claim is time barred when the record indicates the alleged discrimination was not raised during this period. *See Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Here, Plaintiff sought informal EEO counseling on July 20, 2022, 50 days after he learned he had not been approved vacation (May 31, 2022) and 46 days after the last day that the USPS designated his as LWOP (June 4, 2022). No matter which event triggered the 45-day time limit, Plaintiff did not timely initiate informal EEO counseling to exhaust his age discrimination claim.

Accordingly, Plaintiff's age discrimination claim is time barred, and Defendant is entitled to summary judgment.

### III. Defendant is entitled to summary judgment on Plaintiff's race discrimination claim and retaliation claim related to the July 19–30, 2022, period that he was charged with LWOP.

Plaintiff alleges Defendant subjected him to race discrimination and retaliation when it charged him with LWOP from July 19–30, 2022. Defendant contends Plaintiff's claims cannot survive the *McDonnell Douglas* framework.

Because there is no direct evidence of discrimination, the Court evaluates Plaintiff's claims under the three-step framework laid out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-05 (1973). At step one, Plaintiff bears the initial burden to establish a prima facie case of race discrimination or retaliation. *See Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014); *Gibson v. Geithner*, 776 F.3d 536, 540 (8th Cir. 2015). If Plaintiff satisfies that burden, then at step two, the burden shifts to the employer "to articulate a legitimate reason for the adverse action." *Pederson v. Bio-Med Applications of Minn.*, 775 F.3d 1049, 1054 (8th Cir. 2015). If the employer articulates a legitimate reason, then at step three, the burden returns to Plaintiff to show that the given reason is pretext for discrimination or retaliation. *Young*, 754 F.3d at 578. Plaintiff's race discrimination and retaliation claim cannot survive this analysis.

7

Assuming for the sake of argument Plaintiff can establish a prima facie case for each claim, Defendant has articulated a legitimate, nondiscriminatory reasons for sending Plaintiff home and charging him with LWOP for the period of July 19–30, 2022, and Plaintiff has not established pretext. *See Kosmicki v. Burlington N. & Santa Fe R. Co.*, 545 F.3d 649, 651 (8th Cir. 2008) (assuming without deciding the plaintiff had established a prima facie case but holding that he failed to show pretext).

Here, Defendant has stated that Plaintiff was sent home because he needed to submit a light duty request for approval before working with an 8-hour restriction. That request was approved the next day. Despite this, Plaintiff did not report to work for two weeks. Defendant has also stated that Plaintiff was charged with LWOP because of those unapproved absences. Accordingly, Defendant has articulated legitimate, non-discriminatory reasons for any alleged adverse employment action.

Because Defendant has established legitimate, nondiscriminatory reasons for its actions, the burden shifts to Plaintiff to show pretext. This requires Plaintiff to "present sufficient evidence to demonstrate both that the employer's articulated reason for the adverse employment action was false and that discrimination was the real reason." *McNary v. Schreiber Foods, Inc.*, 535 F.3d 765, 769 (8th Cir. 2008) (quotation omitted); *see also Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1034 (8th Cir. 2005) ("To prove pretext, the employee must do more than show that the employment actions was ill-advised or unwise, but rather must show that the employer has proffered a phony excuse."). Plaintiff does not carry this burden. He presents no evidence and advances no argument that Defendant's proffered reason is pretextual. Rather, he relies on speculation and conjecture. This is insufficient to prove pretext or defeat summary judgment. *See Mann*, 497 F.3d at 825.

Accordingly, Defendant is entitled to summary judgment on Plaintiff's race discrimination claim and retaliation claim related to the July 19–30, 2022, period that he was charged with LWOP.

**IV.    Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.**

Plaintiff alleges Defendant subjected him to a hostile work environment when he was: (1) denied vacation leave based on a scheduling error; (2) sent home while awaiting approval of his light duty request; (3) subjected to a surprise inspection; and (4) visited by supervisors on his route. Defendant contends Plaintiff fails to state a prima facia claim of hostile work environment.

To establish a hostile work environment claim, Plaintiff must show: (1) he is a member of a protected class; (2) he was subject to unwelcome harassment; (3) the harassment resulted from his membership in the protected class; and (4) the harassment was severe enough to affect the terms, conditions, or privileges of his employment. *Mahler v. First Dakota Title Ltd. P'ship*, 931 F.3d 799, 806 (8th Cir. 2019). Defendant contends Plaintiff has failed to establish the third and fourth elements of his claim.

Here, Plaintiff has not produced probative evidence showing that any alleged harassment was because of his race, age, or disability. Rather, he relies on speculation and conjecture. This is not enough. *See Mann*, 497 F.3d at 825; *see also Hervey v. Cty. Of Koochiching*, 527 F.3d 711, 721–22 (8th Cir. 2008) (noting plaintiff cannot simply recite a list of actions that supervisors have taken against him and claim they were taken because of his membership in a protected class).

Further, Plaintiff fails to demonstrate the conduct was sufficiently severe or pervasive enough to alter the conditions of his employment. The incidents at issue were limited in scope, non-physical, and occurred over a brief three-to-four-month period. Plaintiff remained employed throughout, his light duty request was approved, and he was retroactively granted administrative leave for part of the contested period. This type of conduct falls short of the high threshold for

9

actionable harassment. *See Helton v. Southland Racing Corp.*, 600 F.3d 954, 960–61 (8th Cir. 2010) ("Title VII does not create a 'federal remedy' for all offensive language and conduct in the workplace.").

Accordingly, Defendant is entitled to summary judgment on Plaintiff's hostile work environment claim.

## Conclusion

For the reasons discussed above, Defendant's motion is GRANTED.

**IT IS SO ORDERED.**

Date: May 23, 2025                    /s/ Greg Kays
                                      GREG KAYS, JUDGE
                                      UNITED STATES DISTRICT COURT

10

Case 4:23-cv-00710-DGK    Document 43    Filed 05/23/25    Page 10 of 10